UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:22-cv-00568-JPH-MJD ) |
| ALL AMERICAN AUTO HAIL DENT REPAIR LLC d/b/a AAA HAIL REPAIR, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER ON AGREED PERMANENT INJUNCTION**

The American Automobile Association, Inc. (AAA) alleges that All American Auto Hail Dent Repair LLC has knowingly used its trademarks without prior authorization. Dkt. 1. AAA brings seven claims for relief under state and federal law. *Id.* The parties have reached an agreement to resolve this case. *See* dkt. 12. For the reasons that follow, the Court approves the agreed injunction and the parties' stipulated dismissal of the case.

**I.
Background**

AAA alleges that, without prior authorization and with full knowledge that it lacked such authorization, All American utilized AAA's "famous and distinctive AAA trademarks" in the operation of All American's business. Dkt. 1 at 1–2. As a result, AAA alleges that All American has diluted its brand, tarnished its reputation with customers, and unjustly profited from the use of the AAA trademarks. *Id.* at 2. AAA filed this lawsuit seeking damages and an

injunction to prevent All American from using its trademarks in the operation of its business. *Id.* at 16–18.

The parties have entered into a confidential settlement agreement and filed a motion for Entry of Consent Order of Judgment. Dkt. 12. The proposed Consent Order provides as follows:

1. That Defendants, their agents, attorneys, representatives, employees, and all persons in active concert or participation with them who receive notice hereof, are hereby permanently enjoined from any unauthorized use of AAA's Marks or of marks confusingly similar to any of them;

2. That each and every claim for damages, penalties, costs, and attorneys' fees by AAA against Defendants, other than the permanent injunction granted herein, is hereby dismissed without prejudice pursuant to representations made by Defendants in the Settlement Agreement, and subject to fulfillment of all obligations set forth in the Settlement Agreement, except for such damages, penalties, costs, and/or attorneys' fees that might result from any violation of this Consent Order of Judgment; and

3. That this case shall be closed, except that this Court shall retain jurisdiction for the purpose of enforcing the Settlement Agreement and this Consent Order of Judgment.

For the reasons discussed below, the proposed Consent Order is **APPROVED**, dkt. [12].

## II.
## Analysis

A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). A "consent decree proposed by the parties must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the

pleadings'; and (3) 'further the objectives of the law upon which the complaint was based.'" *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

The Court finds that the proposed Consent Judgment satisfies each of the *Local No. 93* factors. First, AAA's complaint is within the Court's subject matter jurisdiction because it brings claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125. *See* 28 U.S.C. § 1331 (federal question jurisdiction). Second, the Consent Judgment's remedies—prohibiting use of AAA's trademarks—come within the scope of the case. Dkt. 1 at 10–18. Third, the Consent Judgment will further the objectives of the law on which the complaint is based by prohibiting All American from unauthorized use of AAA's trademarks.

### III.
### Conclusion

For the reasons discussed above, the proposed Consent Judgment is **APPROVED** and will issue in a separate document. Dkt. [12].

**SO ORDERED.**

Date: 8/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

Steven D. Groth
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sgroth@boselaw.com

David O. Tittle
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
david.tittle@dentons.com

Elizabeth S. Traylor
DENTONS BINGHAM GREENEBAUM LLP (Indianapolis)
elizabeth.traylor@dentons.com